UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AJA-RAE ROBINSON and
ANTIONETTE BROWN,

                  Plaintiffs,                    **ORDER**

      -against-                          23 Civ. 5908 (PMH) (AEK)

BIG MINDS, TINY HANDS LLC, *et al.*,

                  Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      The parties reached an agreement in principle to settle their dispute at the November 7, 2024 settlement conference, and have indicated that they intend to consent to this Court's jurisdiction for all remaining proceedings pursuant to 28 U.S.C. § 636(c).

      In the Second Circuit, parties that privately settle FLSA claims must either (a) file an offer of judgment and notice of acceptance of the offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, *see Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395 (2d Cir. 2019), or (b) apply to the Court for judicial approval of the settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Here, the parties have reported that they intend to seek judicial approval pursuant to *Cheeks*. Accordingly, it is **ORDERED** that by no later than **Monday, December 16, 2024**, the parties must submit a joint motion for settlement approval with all supporting documentation included.

      Specifically, the parties must submit: (a) a joint letter motion for judicial approval of their settlement, setting forth the parties' basis for why the settlement is fair and reasonable under the "totality of the circumstances," including the nine factors specified in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012); (b) a copy of their written settlement

agreement, executed by all parties; and (c) counsel's contingency fee agreement (if any) and time and expense records, to the extent necessary to support any award of attorneys' fees and costs.

The Court notes that "it would be the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit given the policy concerns underlying the FLSA." *Souza v. 65 St. Marks Bistro*, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015). This extends to so-called non-disparagement clauses, if such clauses prevent the plaintiffs from making truthful statements about their experience litigating this case. *See Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016).

The parties are cautioned that "courts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA." *Cruz v. Relay Delivery, Inc.*, No. 17 Civ. 7475 (JLC), 2018 WL 4203720, at *1 (S.D.N.Y. Sept. 4, 2018) (quotation marks and alteration omitted).

The parties also are reminded that courts in this District frequently approve FLSA settlements that contain release language that is limited to the wage-and-hour claims asserted in the action and related claims that could have been asserted, *see, e.g.*, *Illescas v. Four Green Fields LLC*, No. 20 Civ. 9426 (RA), 2021 WL 1254252, at *1 (S.D.N.Y. Apr. 5, 2021), and that courts will, under appropriate circumstances, approve general releases that are mutual in all respects, negotiated by competent counsel for both sides, and involve former employees who have no ongoing relationship with the employer, *see Souza*, 2015 WL 7271747, at *5; *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 Civ. 5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016).

The Court's fairness review "extends to the reasonableness of attorneys' fees and costs." *Fisher v. SD Protections Inc.*, 948 F.3d 593, 606 (2d Cir. 2020).  The parties are therefore reminded that any proposed award of fees and costs must be memorialized in the written settlement agreement, signed by the parties, and supported by copies of counsel's contingency fee agreement (if any) and time and expense records, properly authenticated.  *Id*. at 600.  The information provided—including contemporaneous time records and documentation regarding counsel's level of experience and hourly rates—must be sufficient to support a lodestar calculation.  *See Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992 (JPC), 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) ("[E]ven when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees.") (quotation marks omitted).  With respect to costs, Plaintiff's counsel must provide proper substantiation, including invoices, receipts, or a sworn statement regarding expenses incurred. *See Cortes*, 2016 WL 3455383, at *6.

Dated: November 15, 2024
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge